UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HIGHSTEPPIN' PRODUCTIONS, LLC., <br> Plaintiff, <br><br> versus <br><br> GEORGE PORTER, JR., d/b/a <br> ORA'S PUBLISHING, INC.; <br> DAVID RUSSELL BATISTE, JR., d/b/a <br> NOT SO SERIOUS MUSIC; <br> BRIAN STOLTZ, d/b/a <br> LONG OVERDUE MUSIC; <br> PORTER, BATISTE, STOLTZ, LLC., <br> a Louisiana Limited Liability Company; <br> LIVE NATION, INC. d/b/a <br> HOUSE OF BLUES, <br> a California Corporation; <br> FUNKY METERS, INC., <br> a Louisiana Corporation; <br> ELEVATION GROUP, INC.; <br> BUGALOO MUSIC, <br> a California Corporation; <br> SCREEN GEMS-EMI MUSIC, INC., <br> a New York Corporation; <br> BUG MUSIC, INC., <br> a California Corporation; and <br> CABBAGE ALLEY MUSIC, <br> a California Corporation <br> Defendants | Docket Number <br><br> 1:09-cv-12208 |

**AFFIDAVIT**

STATE OF LOUISIANA
PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared,

**GEORGE PORTER, JR.**

who after being by me first duly sworn, did voluntarily appear, depose and aver that:

1. I am a person over the age of majority, and a named defendant in the above-styled litigation.

2. I have read Defendants' Rule 12 Motion To Dismiss, or Alternatively, To Transfer ("Motion"), and the factual representations contained therein are true and correct to best of his knowledge, recollection and understanding.

3. I have specific personal knowledge of the facts set forth herein below.

4. I am a Louisiana-born and Louisiana-based musician, and have been playing music professionally for over 40 years.

5. I do not reside, and have never resided, in Massachusetts.


EXHIBIT C

1

6. I first met Philip Stepanian ("Stepanian"), at a wedding gig ("Wedding") the Porter-Batiste-Stoltz Band ("PBS") played in Florida on or about January 22, 2005.

7. I had previously received an e-mail, dated January 18, 2005, from Stepanian, regarding the Wedding.

8. At the Wedding, Stepanian started a conversation about possibly working for Defendants in some type of marketing capacity.

9. Stepanian initially wanted to work for Defendants in a merchandising capacity, and came to my studio in New Orleans, Louisiana, for a marketing meeting, on or about April 20, 2005.

10. During that meeting, Stepanian began making overtures regarding a possible management relationship with Defendants.

11. I signed the personal management agreement ("Contract") between Defendants and plaintiff, dated May 8, 2006, in New Orleans, Louisiana, at Attorney Greg Eveline's office on Maple Street.

12. I provided to timely written notification of my non-renewal of the Contract, dated August 10, 2009, to plaintiff.

13. I only visited Highsteppin's Somerville, Massachusetts' office twice. I did a brief visit on August 24, 2006, when they were setting up an office, and again on August 17, 2009, to discuss finances.

14. Further, Affiant sayeth not.

                                          /s/ George Porter, Jr.
                                        **GEORGE PORTER, JR.**

**SWORN TO AND SUBSCRIBED
BEFORE ME, THIS 17th DAY
OF FEBRUARY, 2010.**

/s/ John O. Pieksen, Jr.
**NOTARY PUBLIC**

John O. Pieksen, Jr., La Bar # 21023
**NAME AND NUMBER (FOR LIFE)**

2