**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **HIGHSTEPPIN' PRODUCTIONS, LLC.,** * | |
| **Plaintiff,** * | |
| versus * | |
| * | |
| **GEORGE PORTER, JR., d/b/a** * | |
| **ORA'S PUBLISHING, INC.;** * | |
| **DAVID RUSSELL BATISTE, JR., d/b/a** * | |
| **NOT SO SERIOUS MUSIC;** * | |
| **BRIAN STOLTZ, d/b/a** * | |
| **LONG OVERDUE MUSIC;** * | |
| **PORTER, BATISTE, STOLTZ, LLC.,** * | Docket Number |
| a Louisiana Limited Liability Company; * | |
| **LIVE NATION, INC. d/b/a** * | 1:09-cv-12208 |
| **HOUSE OF BLUES,** * | |
| a California Corporation; * | |
| **FUNKY METERS, INC.,** * | |
| a Louisiana Corporation; * | |
| **ELEVATION GROUP, INC.;** * | |
| **BUGALOO MUSIC,** * | |
| a California Corporation; * | |
| **SCREEN GEMS-EMI MUSIC, INC.,** * | |
| a New York Corporation; * | |
| **BUG MUSIC, INC.,** * | |
| a California Corporation; and * | |
| **CABBAGE ALLEY MUSIC,** * | |
| a California Corporation * | |
| **Defendants** * | |

*******************************************

# *LEAVE TO FILE GRANTED ON APRIL 15, 2010*

**REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

**NOW INTO COURT,** through undersigned counsel, come Defendants, George Porter, Jr. ("Porter"), David Russell Batiste, Jr. ("Batiste"), Brian Stoltz ("Stoltz") and Porter-Batiste-Stoltz LLC ("PBS LLC") (collectively and/or individually "Defendants"), who respectfully submit this Reply Memorandum ("Reply") in response to the mis-statement of fact, erroneous argument of counsel, and inapposite legal assertions contained in Plaintiffs' Memorandum in

1

Opposition ("Opposition") to Defendants' Motion to Dismiss ("Motion"). Counsel for plaintiff assents to this motion for leave.

I.      **Plaintiff's Opposition Fails To Recognize The Applicable Analysis**

While rather long on polemic and palaver[1], plaintiff's Opposition fails to address the linchpin issue for venue and personal jurisdiction; namely, did the Defendants conduct sufficient, relevant activities (such as contract formation, performance and alleged breach) with-in the putative forum state, Massachusetts. This avoidance is understandable, given the paucity of Defendants' Massachusetts-based activities: one brief business meeting in Somerville Massachusetts on 8/17/09, and a total of 4 performance engagements in the Commonwealth, *see Exhibit "A"* (Defendants' roster of live performances), out of the "approximately 200 live performance for PBS" plaintiff claims it allegedly arranged over the 3½ year course of the Agreement at issue. *See* PACER, Docket # 46-2, ¶ 35.  In contrast, Defendants' live performances were all over the U.S., and only about 2% of those gigs transpired in Massachusetts.

Rather, the Opposition inapositely focuses on the plaintiff's activities in Massachusetts, although specific dates, places, times, and other requisite specifics are not provided, nor is there any citation to apposite authority or supporting documentation, beyond plaintiff's self-serving affidavits. *Opposition, passim* (Docket # 46). Further, those affidavits also lack the factual specificity required by controlling case law, opting instead to proffer legal conclusions under the guise of factual averments, such as "the location where the substantial events and omissions

---

[1] For example, the Opposition and "supporting" affidavits falsely assert that Defendants "toured and traveled throughout the United States, Europe and Japan," *see* PACER, Docket # 46-2, ¶¶ 7, 29, 36, when in fact PBS never played outside the United States and plaintiff has provided absolutely no objective proof of this blatantly incorrect assertion, such as venue contracts, plane tickets, equipment manifestos, passport visas, or other verifiable indicia of any truthfulness to these specious assertions. Further, plaintiff's pleadings lack the requisite degree of specificity, such as specific dates plaintiff claims to have had meetings with Defendants in Massachusetts, specific dates and venues of Defendants' gigs in the Commonwealth, etc. *Id.* at ¶¶ 10, 12-15, 18-22, 23-27, 35.

occurred . . . is, overwhelmingly, Massachusetts ). *Id.; Docket # 46-2, ¶ 100*. Paradoxically, in addition to claiming that Defendants' breached the Agreement in Massachusetts, *Docket # 46-2, ¶ 100,* plaintiff also claims that the Defendants "toured incessantly," "were in a different city virtually every day," and that the Defendants "toured and traveled throughout the United States, Europe and Japan." *Docket # 46-2, ¶¶ 7, 93, 97*. Again, the truth of the matter is that the Defendants were only in Massachusetts on an extremely limited basis; 4 performances over a 3½ year period, and one August 17, 2009 business meeting. It is respectfully submitted that those limited contacts simply are insufficient to establish either personal jurisdiction or venue in Massachusetts. *See Defendants' Memorandum in Support of Motion to Dismiss and citation therein.*

## II.     Semantics Aside, Defendants Rejected A "Massachusetts" Forum Selection Clause

Plaintiff asserts that Defendants are "demonstrably wrong" regarding their objection to, and scuttling of, a Massachusetts-based forum selection clause. *Opposition (Docket # 46),* p. 16. Of course, in the same breath, plaintiff admits that Defendants "originally (rejected) a clause proposing arbitration in Boston, Massachusetts." *Id.* How plaintiff arrives at the conclusion that a clause which seeks to require dispute resolution in a specific geographical location is not a forum selection clause is baffling at best, appears specious, and borders upon the absurd. Suffice it to say that plaintiff's own pleading confirms that plaintiff originally sought to have any disputes regarding the Agreement at issue resolved in an arbitral forum **in Boston, Massachusetts**, but that Defendants rejected that forum.

This clear rejection of Massachusetts as a consensual forum speaks volumes regarding Defendants' intent and expectations. Defendants did not intend, nor consent, to being sued in Massachusetts, and plaintiff has not, and cannot truthfully, dispute that plaintiff initially

3

contacted Defendants in Louisiana, first met them in Florida, came to New Orleans to propose a merchandising deal (and then, later, a management deal), and signed the Agreement in New Orleans. *See Defendants' Memorandum in Support of Motion to Dismiss and Exhibits thereto.*

### III.  Witnesses

Plaintiff maintains that it has "over 80 Massachusetts witnesses," yet only identifies roughly 20 individuals, none of which are alleged to have been involved in any contract negotiations, contract formation, contract performance by Defendants, or contract breach.  As best as can be gleaned, the vast majority of these "witnesses" appear to be vendors of supplies or services to plaintiff, rather than individuals who worked with, or directly supported Defendants and their contract-based activities.  *Docket # 46-2, ¶¶ 67-87.*  In contrast, Defendants have identified 35 additional potential witnesses (in addition to the witnesses identified in Defendants' Motion and supporting pleadings).  *See Exhibit "B"* (List of non-Massachusetts Witnesses). These additional witnesses all have direct knowledge and information about Defendants' actual activities, such as live and studio recordings, sound mixing, technical support, driving, production, musical collaboration, audio engineering, publicist efforts, etc. and will so testify.

### IV.  Conclusion

In sum, the Opposition offers scant apposite authority to support the untenable assertion that venue and personal jurisdiction is proper in Massachusetts.  In contrast, the Opposition offers numerous unsupported "factual assertions", and, unfortunately, a number of false factual claims, all of which impinge on plaintiff's credibility and call into question the veracity of plaintiff's claims and allegations.  Thus, for the reasons set forth herein, as well as the reasons and authority contained in Defendants' Motion and related pleadings and exhibits, it is

respectfully submitted that Defendants' Motion should be granted, and this matter transferred to the USDC-EDLA.

                        Respectfully submitted:

                        \_\_\_/s/ John O. Pieksen, Jr._____
                        John O. Pieksen, Jr. (LA Bar #21023)
                        **Admitted Herein Pro Hac Vice 2/1/2010**
                        **JOHN PIEKSEN & ASSOCIATES, LLC**
                        829 Baronne Street, New Orleans, LA 70113
                        Telephone: 504.581.9322; Facsimile:504.324.4844
                        jpieksen@cox.net
                        **Counsel for Defendant, George Porter, Jr.**

                        and

                        \_\_\_\_\_/s/ Ronnie Glynn Penton_____
                        Ronnie Glynn Penton (LA Bar # 10462)
                        **Admitted Herein Pro Hac Vice 2/1/2010**
                        **THE PENTON LAW FIRM**
                        209 Hoppen Place
                        Bogalusa, LA 70427
                        Telephone:     985-732-5651
                        Email: fedcourtmail@rgplaw.com
                        **Counsel for Defendants, David Russell Batiste, Jr., Brian Stoltz, and Porter-Batiste-Stoltz LLC**

## LOCAL RULE 7.1(A)(2) CERTIFICATE

    I hereby certify that Mr. Penton, counsel for Defendants, has conferred with Mr. Baker, counsel for plaintiff, who ASSENTS to this motion.

                                        \_\_\_/s/ John O. Pieksen, Jr.\_\_

## CERTIFICATE OF SERVICE

      I hereby certify that service of the above and foregoing pleading has been served upon all counsel of record by ECF filing, facsimile, electronic transmission, and/or by depositing same in the United States mail, properly addressed and postage prepaid, this 15th day of April, 2010.

                                                             ___/s/ John O. Pieksen, Jr.___