# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HIGHSTEPPIN' PRODUCTIONS, LLC,

      Plaintiff,

v.

GEORGE PORTER, JR., d/b/a ORA'S
PUBLISHING, INC.;
DAVID RUSSELL BATISTE, JR. d/b/a NOT SO
SERIOUS MUSIC; BRIAN STOLTZ, d/b/a LONG
OVERDUE MUSIC;
PORTER, BATISTE, STOLTZ, LLC,  a Louisiana
Limited Liability Company;
LIVE NATION, INC., d/b/a HOUSE OF BLUES, a
California Corporation;
FUNKY METERS, INC., a Louisiana Corporation;
ELEVATION GROUP, INC.;
BUGALOO MUSIC, a California Corporation;
SCREEN GEMS-EMI MUSIC, INC. a New York
Corporation;
BUG MUSIC, INC., a California Corporation; and
CABBAGE ALLEY MUSIC, a California
Corporation.

      Defendants.

Case No. 1:09-cv-12208-NMG

**LEAVE TO FILE GRANTED
ON APRIL 15, 2010**

## REPLY MEMORANDUM IN SUPPORT OF
## REACH-AND-APPLY DEFENDANT LIVE NATION'S MOTION TO DISMISS

Reach-and-Apply Defendant Live Nation, Inc. ("Live Nation") submits this Reply
Memorandum in further support of its Motion to Dismiss.

## I.     INTRODUCTION

Plaintiff's Opposition to Live Nation's Motion to Dismiss ("Opposition" or "Opp.")
misstates the applicable standard of review, ignores the relevant facts and law, and misconstrues
this Court's prior orders.  Beyond that, the Motion should be granted because Live Nation does

not owe any debt to the principal Defendants: George Porter, Jr., David Russell Batiste, Jr. Brian

Stoltz, and their group, Porter, Batiste, Stoltz, LLC ("Defendant-Artists").

Plaintiff continues to argue that its claim may go forward based upon a single conclusory

assertion in the First Amended Complaint ("Complaint" or "FAC") that Live Nation "upon

information and belief . . . owes payments to one or all of the Artists or will owe payments to the

Artists in the future."  FAC ¶ 177.  But this statement is not true and should not be accepted as

true for purposes of this Motion.  Live Nation paid other musical groups, including Funky

Meters, Inc. ("Funky Meters"), not Defendants, for the New Year's Eve performance at the

House of Blues in Boston.  Under the pleading standard announced in *Ashcroft v. Iqbal*, 129

S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court should not

accept Plaintiff's conclusory (and counterfactual) allegation as true.  Because there is no legal

basis to support the Plaintiff's claim against Live Nation, the Court should dismiss the claim in

its entirety.

## II.   <u>PLAINTIFF DOES NOT STATE A REACH-AND-APPLY CLAIM.</u>

Ignoring the relevant law and uncontestable facts, Plaintiff argues there are four bases for

its reach-and-apply claims against Live Nation:  (1) Live Nation may owe a debt in the future to

Funky Meters; (2) Live Nation owes a current debt to Funky Meters; (3) Live Nation may owe a

debt in the future to the Artists; and (4) Live Nation owes a current debt to the Artists.  The first

three categories, however, are not legal bases to support a reach-and-apply claim and there are no

facts to support the fourth basis.  As a result, Plaintiff's claim against Live Nation should be

dismissed in its entirety.

First, Plaintiff acknowledges that under Mass. Gen. L. c. 214, § 3(6) it can reach-and-

apply only "a debt owed by the reach-and-apply defendant to the principal defendant," Opp. at 4,

directly repudiating its claim that this action may be based on a debt Live Nation owed to Funky

Meters, as alleged in the first and second categories above.  Because Funky Meters is not a principal defendant, Live Nation cannot be liable to Plaintiff for any debt owed to Funky Meters now, in the past, or in the future.  *See Resolution Trust Corp. v. Caruso*, No. 91-10199, 1994 WL 129600, *5 (D. Mass. Mar. 28, 1994).  Plaintiff's plea that this argument "is more appropriately addressed in a motion to amend this Court's preliminary injunction" makes no sense.  Opp. at 5. A motion to dismiss is the appropriate procedure to resolve a claim that is legally barred, as Plaintiff's action is here.  *See* Fed. R. Civ. P. 12(b)(6).  Furthermore, the Preliminary Injunction does not enjoin Live Nation from making payments to Funky Meters (or even mention Live Nation in any way), so there would be no reason for Live Nation to file a motion to amend.  *See* Preliminary Injunction (Jan. 26, 2010) (Dkt. No. 22 ).  Plaintiff is also incorrect when it argues that the Court previously "prohibited LNI from distributing funds to the Artists or [Funky Meters]."  Opp. at 1.  The Temporary Restraining Orders in this case barred payments *only* to the Defendant-Artists, not Funky Meters.  *See* Temporary Restraining Order (Dec. 30, 2009); Modified Temporary Restraining Order (Jan. 11, 2010).  Moreover, the Preliminary Injunction— the only order currently in effect—has no application to Live Nation.  *See* Preliminary Injunction (Jan. 26, 2010).

The third basis for Plaintiff's claim against Live Nation—that it may owe a debt to the Artists in the future—is also an inadequate ground for Plaintiff's reach-and-apply claim because a plaintiff may only reach-and-apply current debtors of the defendant.  *See Resolution Trust Corp.*, 1994 WL 129600 at *5 (plaintiff may only reach and apply property "held by one who owes a debt" to the defendant).  An allegation that Live Nation may at some time in the future owe a debt to the Defendant-Artists is not a sufficient basis to sustain Plaintiff's reach-and-apply claim.

The only theoretical basis for a reach-and-apply claim in this case would be if Live Nation owed a current debt to the Defendant-Artists. But that claim also fails because there are no facts even suggesting that Live Nation owes such a debt. The only relevant allegation in the Complaint (repeated by Plaintiff throughout its brief) is the entirely conclusory statement in one paragraph that Live Nation "upon information and belief, therefore owes payments to one or all of the Artists." FAC ¶ 177. This allegation, however, is the epitome of a "legal conclusion" and should not be credited. *See Iqbal*, 129 S.Ct. at 1949. While Plaintiff labors to distinguish this allegation from "conclusions of law" that are not credited, Plaintiff's allegation at issue here is just the sort of "formulaic recitation of the elements" the Supreme Court characterized as "conclusory and not entitled to be assumed true." *See Iqbal*, 129 S.Ct. at 1951 (refusing to accept as true allegation that defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions") (alteration in original); *Twombly*, 550 U.S. at 557 (refusing to credit plaintiff's "conclusory allegation of agreement at some unidentified point" to support antitrust claim). It is telling that Plaintiff ignores both *Iqbal* and *Twombly* and instead cites the pleading standard from *Conley v. Gibson*, 355 U.S. 41 (1957), which the Supreme Court held to have "earned its retirement" in *Twombly*. 550 U.S. at 563. Without any facts to support its claim, Plaintiff's allegation that Live Nation owed a debt to the Artist was purely speculative at the time it was made—and is untrue beyond dispute now. The Court should refuse to accept the allegation as true and hold, therefore, that Plaintiff has not stated a plausible claim for relief against Live Nation. *Twombly*, 550 U.S. at 570.

Even if the Plaintiff's allegation that Live Nation owes a debt to the defendants is accepted as true—which it should not be— the Court should still dismiss the claim against Live Nation because the Affidavit of Denise Kirk, submitted with the Motion to Dismiss, makes clear

that Live Nation never owed (and does not know owe now) a debt to the defendant-Artists.  *See* Fed. R. Civ. P. 12(d) (Court may consider matters outside the pleadings and treat a motion to dismiss "as one for summary judgment under Rule 56").  Because Plaintiff does not even attempt to dispute the factual statements set forth in Ms. Kirk's Affidavit, the court may accept those facts as undisputed and dismiss the reach-and-apply claims against Live Nation on this, alternative, ground.

## III.    CONCLUSION

For these reasons and those stated in the Memorandum of Law in Support of Reach-and-Apply Defendant Live Nation's Motion to Dismiss, Plaintiff's claim against Live Nation should be dismissed in its entirely.

Dated:  April 15, 2010

Respectfully Submitted,

LIVE NATION, INC.,
Reach-and-Apply Defendant,

By its attorney:

/s/ *Eric M. Gold*
Eric M. Gold, BBO #660393
GREENBERG TRAURIG, LLP
One International Place
Boston, MA 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
golde@gtlaw.com

Of Counsel:

Leslie D. Corwin
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
corwinl@gtlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on April 15, 2010.

*/s/ Eric M. Gold*