## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **HIGHSTEPPIN' PRODUCTIONS, LLC.,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **versus** | * | |
| | * | |
| **GEORGE PORTER, JR., d/b/a** | * | |
| **ORA'S PUBLISHING, INC.;** | * | |
| **DAVID RUSSELL BATISTE, JR., d/b/a** | * | |
| **NOT SO SERIOUS MUSIC;** | * | |
| **BRIAN STOLTZ, d/b/a** | * | |
| **LONG OVERDUE MUSIC;** | * | |
| **PORTER, BATISTE, STOLTZ, LLC.,** | * | **Docket Number** |
| **a Louisiana Limited Liability Company;** | * | |
| **LIVE NATION, INC. d/b/a** | * | **1:09-cv-12208** |
| **HOUSE OF BLUES,** | * | |
| **a California Corporation;** | * | |
| **FUNKY METERS, INC.,** | * | |
| **a Louisiana Corporation;** | * | |
| **ELEVATION GROUP, INC.;** | * | |
| **BUGALOO MUSIC,** | * | |
| **a California Corporation;** | * | |
| **SCREEN GEMS-EMI MUSIC, INC.,** | * | |
| **a New York Corporation;** | * | |
| **BUG MUSIC, INC.,** | * | |
| **a California Corporation; and** | * | |
| **CABBAGE ALLEY MUSIC,** | * | |
| **a California Corporation** | * | |
| **Defendants** | * | |

*********************************************

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR FINDING OF CONTEMPT AGAINST DEFENDANTS, DAVID RUSSELL BATISTE JR.; GEORGE PORTER, JR.; AND BRIAN STOLTZ

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, come Defendants, George Porter,

Jr. ("Porter"), David Russell Batiste, Jr. ("Batiste"), Brian Stoltz ("Stoltz") and Porter-

Batiste-Stoltz LLC ("PBS LLC") (collectively and/or individually "Defendants"), and respectfully files this Opposition and requests that this Honorable Court deny the Plaintiff's Motion for Contempt.  In support of this Opposition, the Defendants state as follows:

## FACTS

On January 26, 2010, this Court entered a Preliminary Injunction (Document 22) converting two (2) previous Temporary Restraining Orders dated December 30, 2009 (Document 7) and January 11, 2010 (Documents 13).  This Order was based upon a hearing held on January 20, 2010, wherein a letter from then-unadmitted and unenrolled counsel for Defendants, Ronnie G. Penton, was presented to the Court agreeing that the Defendants would comply with the terms of the previous Temporary Restraining Orders, later to be converted to a Preliminary Injunction.

Additionally, the letter represented that counsel for the Defendants would swiftly move for *pro hac* admission into this Honorable Court to facilitate a speedy and efficient litigation of these issues for all parties.

On January 29, 2010, John Pieksen, attorney for George Porter, was admitted *pro hac* in this case.  On February 1, 2010, Ronnie G. Penton was admitted *pro hac* into this case on behalf of Brian Stoltz and Russell Batiste.

Between January 20, 2010 and April 9, 2010, the Defendants were researching all gross earnings they had received since January 1, 2010 for "identification" of all "fees" they had earned in their musical career in 2010.  The "identification" of those "fees" required research of the date, place, source, and amount of the earnings received for conversion to a spreadsheet.

Several telephone conferences were held between Ronnie G. Penton and counsel for Highsteppin' Productions in February and March, 2010, relative to this litigation and on at least one occasion in late February or early March, a discussion was held about the efforts being expended to secure adequate financial data for proper "identification" of all "fees" received by these Defendants.  At all times, counsel for Defendants assured counsel for Plaintiffs that an accounting spreadsheet would be produced and the "fees" escrowed.

On April 9, 2010, the spreadsheets were completed for Batiste and Stoltz, and the remainder of the funds deposited into the Chase Bank in New Orleans, Louisiana that had accrued in February and March, 2010.

On Monday, April 12, 2010, a Notice of Escrow Compliance was begun and the final March, 2010 spreadsheet for Mr. Porter was submitted by his counsel the late afternoon of April 13, 2010.

Plaintiffs filed their Motion for Contempt on April 13, 2010, and the Defendants filed their disclosure "identifying" all "fees" earned from all sources on April 14, 2010 (Document 53).  At no time did counsel for Plaintiff object to the time and effort it was taking to collect this information for the first, full disclosure back to January 1, 2010.

Also, there was never a LR, D. Mass. 7.1(2) conference held to resolve or narrow the Plaintiff's issue prior to filing the Motion for Contempt.

On the very day the Plaintiff filed their Motion for Contempt, April 13, 2010, counsel for Defendants spoke to counsel for the Plaintiff in connection with Defendants filing a Reply to the Plaintiff's Opposition to Defendants' Motion to Dismiss and nothing was ever mentioned about a Motion for Contempt, nor any of the issues.

At no time between late January 2010 and April 13, 2010, did counsel for Plaintiffs object to the time it was taking to identify all income sources, despite contact between the lawyers during this sixty (60) day period.

Now that the procedures have been established with the clients and their contracting employers to record the financial information required to calculate "fees" received, these Defendants are able to submit a revised spreadsheet on the 1st and 15th of each month.

At no time did these Defendants intend to violate any Court Orders.  This initial process took time to collect the information from third party sources for inclusion into this disclosure.

On Friday, April 16, 2010, Defendants were able to "identify" to the counsel for Highsteppin' Productions, LLC, the "fees" earned since April 1, 2010.  Further, it is the intent of counsel for these Defendants to meet with counsel for Highsteppin' Productions to determine what supporting documentation or information it would like to have in support of the identification of these fees so that future disclosures will be made on a consistent, regular basis.

## ARGUMENT

The relevant wording of the Preliminary Injunction was as follows:

> "Defendants are enjoined from transferring, disbursing, dissipating, hypothecating, conveying, selling, pledging, mortgaging or encumbering any publishing rights, performance fees, recording fees or funds earned as musicians or arising out of their music careers until further notice of this Court. All such fees shall be reported to Plaintiff's counsel within ten days of their identification by the defendants and placed in an escrow account to be immediately established and maintained by the defendants' attorney, Ronnie G. Penton, Esq., of Bogalusa, Louisiana, as escrow agent, at a nationally chartered bank with a branch office in the Commonwealth

of Massachusetts. Such fees shall be held in escrow until further order of this Court, with the exception of those fees earned in conjunction with the defendants' publishing rights, 30% of which the escrow agent may disburse to the defendants upon receipt, provided that he report any such disbursements to Plaintiff's counsel."

The Defendants had presented Affidavits in support of their Notice of Disclosure of Escrow Compliance (Document 53) attesting that they have not "transferred, disbursed, dissipated, hypothecated, conveyed, sold, pledged, mortgaged, or encumbered any publishing rights, performance fees, recording fees, or funds earned as a musician or arising out of my music career, in compliance with this Court's Orders" (See Exhibits A, B, and C of Documents 53).

The requirement that the "fees shall be reported to Plaintiff's counsel within ten (10) days of their identification by the Defendants" was a process that took research by these Defendants to produce an accurate spreadsheet back to January 1, 2010.

On April 14, 2010, the accounting spreadsheet was disclosed and filed with this Court and it represents a true and correct disclosure of all "fees" earned by these Defendants from January 1, 2010 through March 31, 2010.  Further disclosures will be made on the 1st and 15th of each month, unless otherwise ordered by this Court or requested by counsel for Plaintiffs.

## **CONCLUSION**

The language in the Order required "identification" of the "fees" <u>not yet payable</u>. That process of "identification" was completed and the first disclosure made on April 14, 2010.  That disclosure was a true and accurate representation that could only have been made after collection of this information.  The procedures are now in place for this financial information to quickly be given to counsel and reports made to Plaintiff's

counsel every two (2) weeks, unless otherwise ordered by this Court.

Therefore, Plaintiff's Motion for Contempt should be denied.

Respectfully submitted:

/s/ John O. Pieksen, Jr.
John O. Pieksen, Jr. (LA Bar #21023)
**Admitted Herein Pro Hac Vice 2/1/2010**
**JOHN PIEKSEN & ASSOCIATES, LLC**
829 Baronne Street
New Orleans, LA 70113
Telephone:     504.581.9322
Facsimile:     504.324.4844
jpieksen@cox.net
**Counsel for Defendant, George Porter, Jr.**

and

/s/ Ronnie Glynn Penton
Ronnie Glynn Penton (LA Bar # 10462)
**Admitted Herein Pro Hac Vice 2/1/2010**
**THE PENTON LAW FIRM**
209 Hoppen Place
Bogalusa , LA 70427
Telephone:     985.732.5651
Facsimile:     985.735.5579
fedcourtmail@rgplaw.com
**Counsel for Defendants, David Russell Batiste, Jr.,**
**Brian Stoltz, and Porter-Batiste-Stoltz LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing, and paper copies will be sent via United States first class mail to those indicated as non-registered participants on April 16, 2010.

s/Ronnie G. Penton
Ronnie G. Penton