United States District Court
District of Massachusetts

| | |
|---|---|
| Highsteppin' Productions, LLC, )<br>        Plaintiff,                )<br>                                )<br>     v.                         )<br>                                )<br> George Porter, Jr., David      )<br> Russell Batiste, Jr., Brian    )<br> Stoltz, et al.                 )<br>        Defendants.             )<br>                                ) | Civil Action No.<br>09-12208-NMG |

## MEMORANDUM AND ORDER

GORTON, J.

This matter arises out of a contract dispute between plaintiff Highsteppin' Productions, Inc., an artist management company with a principal place of business in Somerville, Massachusetts, and defendants George Porter, Jr. ("Porter"), David Russell Batiste, Jr. ("Batiste") and Brian Stoltz ("Stoltz"), all of whom are jazz musicians residing in New Orleans, Louisiana (collectively, "the Artist Defendants").

On January 26, 2010, after convening several hearings, the Court entered a Preliminary Injunction requiring the Artist Defendants to place into escrow the proceeds of publishing rights, performance fees, recording fees and funds earned as musicians or arising out of their musical careers. On April 13, 2010, the plaintiff to have the Artist Defendants held in

-1-

contempt, alleging that they failed to account for the fees they had earned in accordance with the terms of the injunction. Since that time, the parties have remained in substantial disagreement as to the amount of earnings of the Artist Defendants to be placed in escrow.

At a motion hearing on April 20, 2010, the Court called upon the parties to reach a mutually acceptable escrow arrangement and to submit promptly a proposed order reflecting that arrangement. The parties have been unable to do so, and have instead submitted competing proposals.

The plaintiff's proposal, in its most current form, distinguishes between two kinds of performances, i.e., "entity gigs" (wherein the Artist has an ownership stake in the performance group) and "non-entity gigs" (wherein the Artist performs by himself or as a "sideman"). The proposal imposes a graduated tier of escrow percentages (ranging from 30% to 50%) based on the amount of gross income the Artist generates at each gig.

Defendant Porter rejects the plaintiff's proposal and instead moves the Court to adopt an arrangement whereby he would escrow 30% of his net income from "entity gigs" and 30% of his gross income from "non-entity" gigs. Porter contends that the use of gross earnings for entity gigs is economically unworkable because it does not account for gig-related expenses such as

travel, hotels, meals and other band members' salaries. Porter suggests that the rubric proposed by the plaintiff (under which he would be required to escrow 50% of his gross earnings from his highest-paying gigs) would be punitive and would require him to escrow more funds than he is entitled to.

Although the Court is sympathetic to Porter's financial situation, his counter-proposal, which is based on a _net_ earnings calculus, is impractical and likely to lead to accounting quagmires. Thus, rather than adopting a framework based on _net_ earnings, the Court will require that Porter escrow 25% of his _gross_ income for both entity and non-entity gigs, regardless of the amount generated at each gig.

Stoltz, who had originally joined Porter's counter-proposal, has now accepted the plaintiff's proposal and filed a notice of compliance therewith.

The third Artist Defendant, Batiste, has given no indication, to the Court or his counsel, as to whether he agrees with the plaintiff's proposal. His counsel, Ronnie Penton ("Att'y Penton"), has reported that he has attempted to contact Batiste on numerous occasions without success. In light of Batiste's failure to respond to his communications, Att'y Penton has moved to withdraw as his counsel of record as soon as Batiste

is able to retain successor counsel.[1]

In sum, with respect to Stoltz, who has consented to the plaintiff's proposal, and Batiste, who has voiced no objection thereto, the plaintiff's proposed Preliminary Injunction will be adopted with several minor modifications. With respect to Porter, however, the plaintiff's proposed escrow percentages will be modified to reflect Porter's reasonable objections. The resultant order is manifested in the Modified Preliminary Injunction attached hereto.

The Modified Preliminary Injunction is not applicable to defendant Live Nation, Inc. which was dismissed from the case without prejudice on April 20, 2010.

### ORDER

In accordance with the foregoing,

1) Because the Artist Defendants have made a good faith effort to negotiate an escrow arrangement, Plaintiff's Motion for Finding of Contempt (Docket No. 51) is **DENIED** without prejudice.

2) Defendant Porter's Motion to Set Applicable Escrow Percentages (Docket No. 66) is **ALLOWED**, in part, and **DENIED**, in part, and the pending Preliminary Injunction

---

[1] Pursuant to Local Rule 83.5.2(c), Att'y Penton has notified Batiste of his intent to withdraw and advised him to retain new counsel.

      is hereby amended as set forth in the Modified Preliminary Injunction attached hereto.

3)   Att'y Penton's Motion to Withdraw as Counsel of Record for David Russell Batiste (Docket No. 74) is taken under advisement. Pursuant to Local Rule 83.5.2(c), Att'y Penton is directed to continue to represent Batiste until successor counsel enters an appearance on his behalf or a reasonable amount of time elapses after which Atty Penton's motion may be allowed with or without the appearance of replacement counsel.

**So ordered.**

                                                  _/s/ Nathaniel M. Gorton_
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated June 23, 2010